McMurtry, *et al.* v. County Commissioners, *et al.*

(Filed September 0, 1895.)

Municipal Indebtedness. Under the reasoning in the case of *Hoffman v. County Commissioners of Pawnee county,* 3 Okla., 325, construing the act of congress of July 30, 1886, relating to municipal indebtedness in the Territories of the United States, the court below must be reversed.

(Syllabus by the Court.)

*Error from the District Court of Roger Mills County; before Jno. L. McAtee, District Judge.*

*Asp, Shartel & Cottingham,* for plaintiffs in error.

*Robert J. Ray* and *John F. Stone,* for defendants in error.

Injunction proceedings to restrain certain county officers from issuing bonds for the payment of certain warrants. Perpetual injunction allowed by lower court.

Opinion of the court by

Scott, J.: This action was commenced in the district court of Roger Mills county by J. W. McMurtry, as county attorney, and as a citizen and taxpayer, on behalf of himself and other taxpayers of said county, to restrain W. P. Francis, C. B. Howerton and J. B. Freeman, county commissioners, A. G. Gray, county clerk, and W. W. Owens, county treasurer of said county, from issuing bonds of said county for the payment of certain warrants alleged to b⌐⌐e been issued and drawn before any assessment of the taxable property of said county was ever had, for the reason that said warrants were then illegal and void. A temporary restraining order was issued

by Hon. Jno. L. Burford, presiding judge, which was afterwards made perpetual by Justice McAtee, successor to Justice Burford in that jurisdiction.

The only distinction between this case and that of *Hoffman v. County Commissioners*, 3 Okla., 325, is, that Roger Mills county is embraced in the territory opened to settlement under the act of congress approved March 3, 1891, opening the Cheyenne and Arapahoe Indian Reservation to settlement, and the warrants involved were issued in Roger Mills county before an assessment was had, and were held not to be valid and binding obligations against said county, and in the case of *Hoffman v. County Commissioners, supra,* the warrants were issued in Pawnee county before an assessment was had, and were held to be valid obligations of said county, and Pawnee county is embraced in the territory opened to settlement under the act of March 3, 1893, opening the Cherokee Outlet and Pawnee and Tonkawa Indian Reservations.

The reasoning in the case cited is applicable to the case now before us, and upon the reasoning of that case, the judgment of the lower court must be reversed.

All the Justices concurring, except Burford, J., and McAtee, J., not sitting.